and to vacate service of the summons and complaint on him granted, with ten dollars costs, on the ground that said defendant was a non-resident, and substituted service of process on him was improper and invalid in this action. (*Pennoyer* v. *Neff*, 95 U. S. 714, 727.) Lazansky, P. J., Hagarty, Carswell, Scudder and Davis, JJ., concur.

MEYER BERGSMANN, as Administrator, etc., of ALEXANDER BERGSMANN, Deceased, Respondent, v. IRVING ENGEL, Defendant, and CLARENCE W. DEATS, Appellant.— Order reversed on the law, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, on the authority of *Bergsmann* v. *Engel* (*ante*, p. 694), decided herewith. Lazansky, P. J., Hagarty, Carswell, Scudder and Davis, JJ., concur.

M. A. BLATE, INC., Stockholder in BLATE & HOROWITZ, INC., on Behalf of Itself and Other Stockholders, and on Behalf of Said BLATE & HOROWITZ, INC., Appellant, v. MORRIS R. HOROVITZ, Respondent, and BLATE & HOROWITZ, INC., Defendant.— Order modified by granting plaintiff's motion for a bill of particulars in respect to the following items enumerated in the notice of motion, to wit, Nos. 9, 10, 12, 13, 14, 15, 16, 17, 21, 22 and 25 (in addition to those granted at Special Term), and as so modified affirmed, without costs; particulars to be served within five days from service of a copy of the order herein. No opinion. Lazansky, P. J., Hagarty, Carswell, Scudder and Davis, JJ., concur.

HAROLD J. CRAFT, as Assignee under a General Assignment for the Benefit of Creditors of ADOLPH H. MAYERS, Respondent, v. H. BATTERMAN COMPANY, Appellant.— Order granting plaintiff's motion for a preference affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Young, Carswell, Tompkins and Davis, JJ., concur.

LOUISE A. EBERT, Appellant, v. ARTHUR C. EBERT, Respondent.— Order granting motion to modify amended final judgment reversed on the law and the facts, with ten dollars costs and disbursements, and motion denied, with ten dollars costs. There is no proof that the earnings of the defendant are any less than when the defendant entered into the stipulation to pay twenty dollars a week, nor is there any proof of fraud or coercion at the time the said agreement was made. Lazansky, P. J., Young, Carswell, Tompkins and Davis, JJ., concur.

IRVING C. FELLEMAN and DORIS CATERER, Copartners, Trading under the Firm Name and Style of I. C. FELLEMAN & COMPANY, Appellants, v. JAMES SHEWAN & SONS, INC., and Others, Respondents. (Appeal No. 1.) — Judgment, in so far as appealed from, and order denying motion to set aside the verdict and grant a new trial unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Kapper, Hagarty and Carswell, JJ.

IRVING C. FELLEMAN and DORIS CATERER, Copartners, Trading under the Firm Name and Style of I. C. FELLEMAN & COMPANY, Appellants, v. JAMES SHEWAN & SONS, INC., and Others, Respondents. (Appeal No. 2.) — Order denying plaintiffs' motion for a new trial on the ground of newly-discovered evidence unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Kapper, Hagarty and Carswell, JJ.

FRANK M. GRAHAM, Appellant, v. WILLIAMS FURNITURE Co., INC., Respondent. — Judgment of the County Court of Nassau county reversed on the law and a new trial ordered, with costs to the appellant to abide the event. In our opinion, the plaintiff made out a *prima facie* case of negligence and the dismissal of the